### SCHWENCK *v.* WIDEMEYER.

*(Supreme Court, General Term, Second Department. May 11, 1891.)*

JUDGMENT—RES ADJUDICATA.

Plaintiff brought his action to recover an alleged balance due on the contract price of two wagons made for defendant. Defendant offered in evidence a judgment roll in an action of replevin, showing the recovery by him of one of the wagons, which was undelivered on the ground of non-payment therefor, the other having been delivered. *Held,* that said judgment was properly excluded in the second action, as it did not settle what was due on the second wagon, but only determined that the plaintiff was entitled to the possession thereof.

Appeal from Richmond county court.

Action by Henry Schwenck against William Widemeyer on an account. From a judgment in favor of the plaintiff, and from an order denying his motion for a new trial, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John Widdecombe,* for appellant. *W. J. Powers,* for respondent.

BARNARD, P. J. The trial of this action developed a single question of fact. The plaintiff was a wagon-maker, and had made two wagons for the defendant. The only point of difference between the parties was whether the contract price of the two was to be $350, as claimed by plaintiff, or $290, as claimed by defendant. The jury found in favor of the plaintiff upon the issue. The defendant was a grocer, and had furnished the plaintiff with groceries to the amount of $192.66. There were other credits for articles bought for the wagons, and paid for by defendant, which left a balance of $98.67. The interest added made the verdict $103.96. The verdict is final unless some error was committed on the trial. It seems that the defendant had brought an action against the plaintiff before this action was commenced, and had then obtained a judgment. The pleadings in that action are not given. It seems that this judgment was pleaded in bar of this action. It seems also that the judgment roll was offered and rejected because the judge decided that "that judgment was not a bar." The judgment roll is not given, and we cannot say that it was a bar. It seems that the judgment roll was for the possession of the second wagon, which the present plaintiff refused to give up until he was paid. It seems that in the replevin action before Justice HITT the defendant paid in a certain sum of money, which he claimed was the balance. The replevin judgment only settled the right of the then plaintiff to have possession of the wagon. It did not settle what was due the plaintiff upon both wagons. This question could not have been litigated in an action of replevin where the issues were whether the second wagon should be delivered to the then plaintiff, (now defendant.) The judgment should therefore be affirmed, with costs. All concur.